UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARY LIPSON,

                      Plaintiff,

        - against -

INTERNATIONAL BUSINESS MACHINES
CORPORATION,

                      Defendant.

No. 7:17-cv-04335-CS

**CIVIL CASE MANAGEMENT PLAN
AND SCHEDULING ORDER**

CATHY SEIBEL, U.S.D.J.:

      After consultation with counsel for Defendant International Business Machines Corporation ("IBM") and *pro se* Plaintiff Gary Lipson ("Lipson"), the Court adopts the following Civil Case Management Plan and Scheduling Order, in accordance with Fed. R. Civ. P. 16 and 26(f).

1. All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

2. Plaintiff has expressed an interest in settlement, and Defendant is not interested in settlement at this time.

3. The parties have conferred pursuant to Fed. R. Civ. P. 26(f).

4. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any pre-motion conference in connection with a motion to amend or join additional parties must be requested within 30 days from the date of this Order.

5. The parties have exchanged their initial disclosures and are discussing the completeness of the disclosures.

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York. The following interim deadlines shall apply, but may be extended by written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth below. Any extension that would affect that fact discovery cut-off may be obtained only by Court order for good cause shown. Any such application will be denied if not

made at least three weeks before the applicable deadline, absent extraordinary circumstances.

Fact Discovery

    a.    All fact discovery shall be completed no later than February 28, 2019.

    b.    Initial requests for production of documents shall be served by August 29, 2018. Responses shall be served by September 28, 2018.

    c.    Interrogatories shall be served by August 29, 2018. Responses shall be served by September 28, 2018.

    d.    Fact depositions shall be completed by December 12, 2018.

        i.    Unless the parties agree or the Court so orders, the parties may not hold depositions until all parties have responded to initial requests for document production.

        ii.    There is no priority in deposition by reason of a party's status as plaintiff or defendant.

        iii.    Unless the parties agree or the Court so orders, non-party depositions must follow initial party depositions.

        iv.    The duration of depositions will be governed by Fed. R. Civ. P. 30(d).

    e.    Requests to admit shall be served by September 28, 2018.

7. Procedure for discovery disputes: The party objecting to disclosure, claiming an insufficient response to a discovery request, or asserting a privilege bears the burden of coming forward by bringing the dispute to the attention of the court as hereinafter set forth. A dispute arises on the day when the discovery request or discovery response objected to is received by the adverse party, or should have been received under the applicable rule(s). The objecting party <u>has 3 business days to attempt an amicable</u> resolution of the dispute. If the dispute is not affirmatively resolved within 3 business days, the objecting party <u>then has 5 business days to bring the</u> issue to the attention of the court by a letter brief limited to two (2) pages. Opposing parties <u>have 5 business days thereafter</u> to submit a two (2) page answering letter brief. If appropriate, counsel may annex to the letter briefs relevant portions of relevant documents (*not* complete documents unless the entire document is relevant). Letter briefs must be sent to chambers, not filed on the Court's Electronic Case Filing system. Reply letter briefs will not be accepted.

When a legal privilege is asserted as a basis for refusing to comply with a discovery demand, the party asserting the privilege has 3 business days to attempt an amicable resolution to the dispute. If the dispute is not affirmatively resolved within 3 business days, the party asserting the privilege then has 5 business days to bring the issue to the attention of the court by a letter brief limited to two (2) pages, accompanied by a privilege log in full compliance with Local Civil Rule 26.2(a)(1) and (2), and an *in camera* submission of legible copies of any material to which the privilege is asserted. If the letter, log and copies total more than ten (10) pages, they may not be faxed. If disclosure of the privilege log would result in a revelation of privileged information, the party asserting the privilege shall file the log *in camera* with the Court, and serve a redacted log on the adverse party. No reply letter briefs will be accepted. The time for asserting a privilege starts 5 business days from the day when counsel for the objecting party receives the documents from his or her client, but in no event more than 30 days from the date when the documents are demanded, unless otherwise ordered by the court.

The time limitations set forth in this paragraph 7 may not be extended without prior approval of the Court. Any objection to discovery which is not raised within these time limitations will be waived.

8.  Dates regarding any potential expert discovery will be discussed and determined, if needed, at the next conference on March 11, 2019.

9.  All counsel and pro se plaintiff must have at least one substantive joint discussion of settlement at least two weeks before the conference set forth in paragraph 17 below. If at any time the parties believe the assistance of a Magistrate Judge or court mediator for settlement purposes would be helpful, they should so advise the Court by letter.

10. Parties seeking to make post-discovery dispositive motions should submit a letter to the court in accordance with Rule 4(A) of the Court's Individual Practices by February 25, 2019. Opposition letters are due March 4, 2019. All motions for summary judgment must be filed by May 8, 2019. Either party may file a motion for summary judgment at an earlier date.

11. Unless otherwise ordered by the Court, within 30 days from the date for the completion of discovery in a civil case or, if a party has filed a dispositive motion, then within 30 days of a decision resolving the motion, the parties shall submit to the Court for its approval a joint pretrial order prepared in accordance with the Court's Individual Practices and Fed. R. Civ. P. 26(a)(3).

E-Discovery.

12. E-Discovery. The parties have discussed the disclosure and preservation of electronically stored information and propose the following:

a. Electronically stored information (ESI) will be produced in PDF format or TIFF, and will contain accurate document breaks. Each image should be stamped with a bates number in the bottom right corner and named according to the bates number (i.e., an image bates stamped IBM00001 would have a filename of IBM00001.PDF). Either side may produce original documents in paper format with bates numbers.

b. Each party represents that it has taken reasonable steps to preserve reasonably accessible sources of ESI, including but not limited to prompt implementation of a litigation hold.

c. The parties agree to bear the reasonable and customary cost of their own discovery.

d. Objections to production of ESI shall be limited to the types of ESI that a party does not consider to be reasonably accessible. ESI that is not reasonably accessible, may include backup tapes, voicemail (except for voicemail that is forwarded to an email account, if any), instant messaging (except for instant messaging that has been logged by a custodian on their workstation/laptop, if any), legacy data and systems, retired computers and broken hard drives, and data only available through a forensic computer analysis (i.e., file fragments, deleted files, etc.). The parties agree to make good faith efforts to resolve such objections. In the event a dispute arises as a result of such objections, the issue will promptly be brought to the attention of the Court.

e. The parties agree that no metadata shall be produced unless the requesting party demonstrates the need for such information.

f. The parties agree that certain document formats should not be produced in native file format due to a potential of compromising privileged information. A party objecting to the type of document format produced in discovery shall make a reasonable argument for their objection to the other party and attempt to resolve the matter in good faith. In the event a dispute arises as a result of such objections, the issue will promptly be brought to the attention of the Court.

If the parties redact images on grounds of confidentiality, privilege, work product, and/or privacy, these redactions will be listed on a privilege log and redaction log.

13. Below are the parties' proposals regarding procedures that minimize the risk of waiver of privilege or work-product production:

14. Counsel for the parties agree to the following regarding procedures that minimize the risk of waiver of privilege or work-product production:

      a.      Pursuant to Fed. R. Evid. 502(d) and 502(e), the inadvertent or unintentional disclosure by a producing party of documents or information that such party believes is subject to a claim of privilege, including but not limited to attorney-client privilege or work-product doctrine, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of privilege with respect to such privileged documents, or generally of such privilege, in this or any other case.

      b.      The procedures outlined in Fed. R. Civ. P. 26(b)(5)(B) shall be followed in the event that any such privileged documents are inadvertently disclosed during discovery. In addition, if a receiving party receives materials that obviously appear to be subject to an attorney-client privilege or otherwise protected by a discovery privilege or immunity and it is reasonably apparent that the materials were provided or made available through inadvertence, the receiving party receiving such materials must refrain from examining the materials any more than is essential to ascertain if the materials appear to be privileged, and shall immediately notify the producing party in writing that he or she possesses material that appears to be privileged. In the event that there is a dispute over whether the documents at issue are protected from disclosure by virtue of a privilege or immunity from discovery, all counsel shall undertake reasonable efforts to resolve the issue without court intervention within ten (10) days of such notice of inadvertent production of privileged documents. In the event of a motion to compel production of the alleged privileged documents, the receiving party may not assert as a ground for compelling production the fact or circumstance that the alleged privileged documents have already been produced.

15. The Plaintiff demands this case to be tried to a jury. Defendant believes that Plaintiff's claims for equitable relief under ERISA are not triable to a jury. If necessary, the parties will present this dispute to the Court for resolution in connection with pre-trial proceedings.

16. The parties have conferred and their present best estimate of the length of trial is 5 days.

17. The next Case Management Conference is scheduled for March 11, 2019, at 3:30 p.m.

Except as provided in paragraph 6 herein, this ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend must be made in a written application in accordance with the Court's Individual Practices.

Gary Lipson, *pro se* Plaintiff  
By:  Gary Lipson

Paul Hastings LLP  
By:  Patrick W. Shea

SO ORDERED.

                                              Hon. Cathy Seibel  
                                              United States Magistrate Judge

Dated:  _____